PERRY PORTER *v.* H. L. BISHOP.

October Term, 1904.

Present: ROWELL, C. J., TYLER, MUNSON, START, HASELTON, and POWERS, JJ.

Opinion filed November 25, 1904.

*County Court—Jurisdiction—Appeal from Justice—Motion to Dismiss.*

When it appears that a case in county court is an appeal from the judgment of a justice of the peace, and nothing in the record or in the statute shows that the case was appealable, and there is no claim that it was appealable, plaintiff's motion to dismiss the case, on the ground that it was not appealable, should be granted, regardless of whether the justice had jurisdiction.

CASE. Heard, on motions to dismiss filed by each party, at the June Term, 1904, Caledonia County, *Watson*, J., presiding. Plaintiff's motion was denied. Defendant's motion was granted with costs. The plaintiff excepted. The opinion states the facts.

*Cook & Norton* for the plaintiff.

It is for the appellant to show that the county court had jurisdiction. *Persons* v. *Turnpike* Co., 20 Vt. 170.

The justice had no jurisdiction. *Bell* v. *Prouty*, 43 Vt. 279.

*May & Hill* for the defendant.

TYLER, J. Action, case, brought in a justice's court, the plaintiff alleging in his declaration that he was the owner of a certain right of way for teams and persons on foot to cross over and upon a certain piece of land described, and that the defendant, by nailing boards and bars across it, prevented the plaintiff from using the same; that the defendant had no right to make such obstruction, and that the plaintiff was damaged to the amount of twenty dollars. The defendant moved in that court to dismiss the action upon the ground that the title to land was involved, and that the justice, for that reason, had not jurisdiction, which motion was denied, and the defendant appealed to the county court where he filed a like motion, which was granted.

The plaintiff also filed a motion in the county court to dismiss the appeal upon the ground that the judgment of the justice was final under V. S., 1298, div. III, as neither the *ad damnum* in the writ nor the damages demanded in the declaration exceeded twenty dollars, which motion was denied.

The exceptions state that there was nothing in the copies of appeal to show that the case was appealable, and no claim being made that it was, there was no occasion for the county court to consider whether the justice had jurisdiction or not. As the statute gave no right of appeal, the court should have granted the plaintiff's motion.

*Judgment reversed, and the appeal dismissed with costs.*